[Cite as *State v. Heddleson*, 2011-Ohio-6875.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee, | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| v. | : | |
| | : | |
| SCOTT EDWARD HEDDLESON, | : | Case No. 2011CA00178 |
| | : | |
| Defendant-Appellant. | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Case No. 86-6271


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   December 30, 2011


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

JOHN D. FERRERO                             SCOTT E. HEDDLESON, PRO SE
Prosecuting Attorney                        Inmate No. 195-167
                                            Marion Correctional Institution
By: RONALD MARK CALDWELL                    P.O. Box 57
Assistant Prosecuting Attorney              Marion, OH  43302-0057
110 Central Plaza South, Suite 510
Canton, OH  44702

Farmer, J.

{¶1} On February 6, 1987, appellant, Scott Heddleson, pled guilty to one count of aggravated murder in violation of R.C. 2903.01, two counts of aggravated robbery in violation of R.C. 2911.01, and one count of grand theft in violation of R.C. 2913.02. On same date, he was sentenced to life imprisonment with parole eligibility after thirty years. Appellant did not file an appeal.

{¶2} In 1990, appellant filed with this court a motion for delayed appeal and a writ of mandamus. Both were denied. See, *State v. Heddleson* (1990), Stark App. No. CA-8191, appeal denied, 56 Ohio St.3d 711; *State v. Heddleson* (1990), Stark App. No. CA-8240.

{¶3} On March 3, 1997, appellant filed a petition for postconviction relief, challenging the fact that a single judge accepted his guilty plea as opposed to a three-judge panel. The trial court denied the petition. This court affirmed the denial. See, *State v. Heddleson* (August 4, 1997), Stark App. No. 1997CA00113, appeal denied, (1997), 80 Ohio St.3d 1466.

{¶4} On December 31, 1998, appellant filed a Crim.R. 32.1 motion to withdraw his guilty plea, again challenging the single judge issue. The trial court denied the motion. This court affirmed the denial. See, *State v. Heddleson* (September 7, 1999), Stark App. No. 99-CA-00074, appeal denied, (1999), 87 Ohio St.3d 1476.

{¶5} On February 24, 2011, appellant filed a motion to take judicial notice of new case law on the single judge issue, to wit: *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, and *State v. Parker,* 95 Ohio St.3d 524, 2002-Ohio-2833. By judgment entry filed July 20, 2011, the trial court denied the motion.

{¶6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶7}   "THE TRIAL COURT ABUSED THEIR DISCRETION WHEN DENYING MOTION TO TAKE JUDICIAL NOTICE WHEN SUCH NOTICE INVOLVED MANDATED LAW AND RELATES TO DEFENDANTS CASE."

I

{¶8}   Appellant claims the trial court erred in not granting his motion to take judicial notice. The basis of appellant's motion was case law that developed subsequent to his plea, conviction, and sentence on February 6, 1987, and his numerous postconviction relief filings.   In particular, appellant cites to *Parker,* supra, which mandates in capital cases, when a defendant waives the right to trial by jury, the case shall be heard by a three-judge panel, even if the state agrees that it will not seek the death penalty.

{¶9}   Appellant has previously filed with this court his plea, conviction, and sentence via a motion for delayed appeal which was denied as cited supra.  The single judge issue was not raised in this filing.

{¶10}  Thereafter, appellant filed a petition for postconviction relief and a Crim.R. 32.1 motion to withdraw his plea.  Both filings included *Parker* arguments.  Both filings were denied as cited supra.

{¶11}  Because appellant's motion for judicial notice was predicated upon the same arguments advanced in his postconviction relief petition and Crim.R. 32.1 motion, we find the issue to be res judicata.  Res judicata is defined as "[a] valid, final judgment

rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.

{¶12} We note the single judge issue was available on direct appeal, but appellant did not file an appeal, nor did he raise the issue in his motion for delayed appeal. Appellant should have raised the single judge issue on direct appeal, not collaterally via a motion for judicial notice. *State ex rel. Rash v. Jackson,* 102 Ohio St.3d 145, 2004-Ohio-2053 (the single judge issue is not a proper subject for habeas corpus relief and may be remedied only in a direct appeal from a criminal conviction).

{¶13} As to the vehicle appellant used once his appeals were over to attempt to have his matter reviewed, we find the motion to take judicial notice fails to conform to proper procedure and fails as a substantive basis under Evid.R. 201. We concur with appellee that such a request was a legal nullity.

{¶14} Upon review, we find the trial court did not err in denying appellant's motion to take judicial notice.

{¶15} The sole assignment of error is denied.

{¶16} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

Judgment affirmed.

Hoffman, P.J. and Edwards, J. concur.

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| SCOTT EDWARD HEDDLESON, | : | |
| | : | |
| Defendant-Appellant. | : | CASE NO. 2011CA00178 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ Julie A. Edwards_____

JUDGES