[Cite as *State v. Millette*, 2013-Ohio-1331.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P. J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 12-CA-0074 |
|  | : |  |
|  | : |  |
| ROGER MILLETTE | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:       Criminal Appeal from Licking County
Court of Common Pleas Case No.
2004-CR-00032

JUDGMENT:       Affirmed

DATE OF JUDGMENT ENTRY:       April 2, 2013

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

KENNETH W. OSWALT       ROGER MILLETTE
Licking County Prosecutor       HCI, ID. # AA487-908
20 South Second Street, 4th Floor       P.O. Box 59
Newark, Ohio 43055       Nelsonville, Ohio 45764

*Wise, J.*

{¶1} Appellant, Roger Millette, appeals a judgment of the Licking County Common Pleas Court overruling his "Motion to Correct Illegal Sentence." Appellee is the State of Ohio.

{¶2} In 2005, appellant was indicted on charges of aggravated robbery, aggravated burglary, kidnapping, attempted rape, intimidation of a witness and two counts of gross sexual imposition following an incident where he broke into the home of a pregnant woman to rob her, threatened her with a knife, made her strip nearly naked and tied her to a bed. In exchange for dismissal of the attempted rape charge, appellant pleaded guilty to the remaining charges. He was sentenced to 8 years incarceration for aggravated burglary, 8 years for aggravated robbery, 8 years for kidnapping, 3 years for intimidation and 3 years for each count of gross sexual imposition. All counts were to run consecutively for an aggregate term of 33 years.

{¶3} On January 10, 2011, appellant filed a motion seeking to correct his sentence for failure to impose postrelease control. The State responded by requesting that appellant be resentenced pursuant to *State v. Fischer,* 128 Ohio St.3d 92, 942 N.E.2d 332, 2010–Ohio–6238. Resentencing was scheduled for February 16, 2011 and counsel was appointed to represent appellant at resentencing.

{¶4} On February 15, 2011, the day before the resentencing hearing, appellant filed a motion to withdraw his guilty plea on the basis that postrelease control was not validly imposed, and a motion to dismiss the resentencing proceedings on the grounds that his sentence is now res judicata.

{¶5} The case proceeded to a resentencing hearing in the Licking County Common Pleas Court. The court overruled appellant's motion to withdraw his plea and his motion to dismiss the proceedings. Appellant orally argued that the convictions for robbery, burglary, kidnapping and intimidation of a witness should merge as allied offenses of similar import. The court sentenced appellant to the same sentence originally imposed in this case with the addition of a mandatory term of five years postrelease control on all counts other than intimidation of a witness, on which the court imposed three years of postrelease control. He appealed from the resentencing entry, arguing that his convictions were allied offenses of similar import. We affirmed, finding the issue to be res judicata. *State v. Millette*, 5th Dist. No. 11-CA-23, 2011-Ohio-6357.

{¶6} Appellant then filed a Motion to Correct Illegal Sentence, arguing again that his offenses were allied offenses of similar import. The trial court treated the motion as an untimely petition for postconviction relief pursuant to R.C. 2953.21(A)(2), and overruled the motion on the basis of res judicata.

{¶7} Appellant assigns a single error on appeal:

{¶8} "MR. MILLETTE IS BEING ILLEGALLY IMPRISONED FOR ALLIED OFFENSES OF SIMILAR IMPORT AND HAS BEEN DENIED DUE PROCESS BY THE TRIAL COURT'S FAILURE TO EVEN CONSIDER THE ILLEGALITY OF HIS SENTENCE."

{¶9} Appellant does not assign as error the trial court's decision to treat his motion as a petition for postconviction relief. As noted by the trial court, R.C. 2953.21(A)(2) governs the time within which a petition for postconviction relief must be filed:

**{¶10}** "(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

**{¶11}** The trial transcript was filed in this Court on March 29, 2011, and appellant did not file the instant petition until April 18, 2012. Appellant does not claim error in the court's finding that his motion was an untimely motion for postconviction relief.

**{¶12}** Further, the issue appellant seeks to raise is res judicata, as the issue could have been raised on direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), *State v. Nichols*, 11 Ohio St. 3d 40, 463 N.E.2d 375 (1984).

**{¶13}** The assignment of error is overruled.

**{¶14}** The judgment of the Licking County Common Pleas Court is affirmed.

Costs to appellant.

By: Wise, J.

Gwin, P.J. and

Delaney, J. concur

_____

_____

_____

                              JUDGES

JWW/r0308

[Cite as *State v. Millette*, 2013-Ohio-1331.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROGER MILLETTE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-CA-0074 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES