[Cite as *State v. Dunkle*, 2013-Ohio-2007.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-2 |
| DAVID DUNKLE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Licking County Court
                                 of Common Pleas, Case No. 86 CR
                                 16341

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          May 9, 2013

APPEARANCES:

For Appellant:                   For Appellee:

DAVID DUNKLE, *pro se*            KENNETH OSWALT
No. 138-316                      LICKING COUNTY PROSECUTOR
Marion Correctional Institution  20 South Second St.
P.O. Box 57                      Newark, OH 43055
Marion, OH 43302

*Delaney, J.*

{¶1} Appellant David Dunkle appeals from the December 24, 2012 Judgment Entry of the Licking County Court of Common Pleas overruling his "Complaint for Contempt of Court Order."  Appellee is the state of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2} A statement of the facts underlying appellant's original conviction is unnecessary to our disposition of this appeal.  Appellant was convicted of multiple counts of rape and sentenced to consecutive life sentences in the Licking County Court of Common Pleas in 1986.

{¶3} In October 2010 appellant sought leave for a delayed appeal, which we denied in Fifth District Court of Appeals, Licking County case number 10CA0110.  The docket of this case indicates the Ohio Supreme Court declined jurisdiction to hear the appeal in Ohio Supreme Court case number 2010-2293.[1]

{¶4} Also in 2010, appellant filed a pro se "motion to suspend" his sentence, which the trial court construed as a motion for judicial release and overruled. Appellant sought reconsideration of that decision, which was denied.  We dismissed appellant's appeal therefrom in *State v. Dunkle,* 5th Dist. No. 11-CA-42, 2011-Ohio-6779 because the trial court's decision was not a final appealable order and no authority exists for a motion to reconsider a judgment of a trial court in a criminal case. Id., 2011-Ohio-6779 at ¶ 9.

---

[1] Neither the appellate case nor the Ohio Supreme Court case was assigned a webcite number.

{¶5} We note appellant presently has a separate pending appeal before this Court which arose from the same underlying case but which is not related to or consolidated with the instant appeal, Fifth District Court of Appeals, Licking County case number 12-CA-2.

{¶6} The instant appeal arose from appellant's May 17, 2012 pro se filing, entitled "Complaint for Contempt of Court Order," essentially arguing his original plea agreement has been breached by the Parole Board. The trial court denied the motion on December 24, 2012.

{¶7} Appellee was permitted to file its brief instanter and appellant filed a reply.

{¶8} Appellant raises one Assignment of Error:

{¶9} "I.    THE TRIAL COURT ABUSED THEIR DISCRETION WHEN DENYING AN (*sic*) COMPLAINT FOR CONTEMPT OF COURT."

I.

{¶10} The instant case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

> (E)  Determination and judgment on appeal.
>
> The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
>
> The decision may be by judgment entry in which case it will not be published in any form.

{¶11} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶12} This appeal will be considered with the above in mind.

{¶13} Appellant's brief is extremely conclusory. Looking to the "Complaint for Contempt of Court Order" filed in the trial court for elucidation, appellant complains of a "breach of [his] plea agreement." Appellant's argument is not cognizable within the meaning of contempt as set forth in Chapter 2705 of the Revised Code.

{¶14} In short, as a vehicle to attempt to have this matter reviewed, we find appellant's "complaint for contempt of court" fails on a substantive basis and is a legal nullity. See, *State v. Heddleson*, 5th Dist No. 2011CA00178, 2011-Ohio-6875, ¶ 13. The trial court therefore did not err in overruling the "complaint."

{¶15} Appellant's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Hoffman, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAN B. HOFFMAN

PAD:kgb

[Cite as *State v. Dunkle*, 2013-Ohio-2007.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID DUNKLE | : | |
| | : | |
| | : | Case No. 13-CA-2 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN