[Cite as *State v. Dunkle*, 2013-Ohio-2299.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DAVID DUNKLE | : | Case No. 12-CA-80 |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court
                             of Common Pleas, Case No. 86-16341

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      May 30, 2013

APPEARANCES:

For Plaintiff-Appellee:              For Defendant-Appellant:

KENNETH W. OSWALT                    DAVID DUNKLE, PRO SE
LICKING COUNTY PROSECUTOR            Inmate #R138-316
20 S. Second St., 4th Floor          c/o Marion Correctional Institute
Newark, OH 43055                     P.O. Box 57
                                     Marion, OH 43301

*Delaney, J.*

{¶1} Defendant-Appellant David Dunkle appeals the October 9, 2012 judgment entry of the Licking County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying Dunkle's original conviction is unnecessary to our disposition of this appeal. In 1986, Dunkle was convicted of multiple counts of rape and sentenced to consecutive life sentences in the Licking County Court of Common Pleas.

{¶3} In 2005, Dunkle filed a pro se motion to file a delayed appeal. He argued the trial court and counsel failed to advise him of his right to appeal, pursuant to Crim.R. 32. We denied the motion in *State v. Dunkle*, 5th Dist. No. 05-CA-37.

{¶4} In October 2010, Dunkle sought leave for a delayed appeal on the same grounds, which we denied in *State v. Dunkle*, 5th Dist. No. 10-CA-110. Also in 2010, Dunkle filed a pro se "Motion to Suspend" his sentence with the trial court, which the trial court construed as a motion for judicial release and overruled. Dunkle sought reconsideration of that decision, which was denied. We dismissed Dunkle's appeal therefrom in *State v. Dunkle*, 5th Dist. No. 11-CA-42, 2011-Ohio-6779. We found the trial court's decision was not a final appealable order and no authority exists for a motion to reconsider a judgment of the trial court in a criminal case. *Id.* at ¶ 9.

{¶5} On May 17, 2012, Dunkle filed a pro se "Complaint for Contempt of Court Order" with the trial court. In his motion, he argued the Parole Board breached his original plea agreement. The trial court denied the motion and Dunkle appealed in

*State v. Dunkle*, 5th Dist. No. 13-CA-2. As of the date of the authoring of this opinion, a decision has not been rendered in that appeal.

{¶6} On September 4, 2012, Dunkle filed a Motion to Correct Sentence with the trial court. Dunkle argued during his 1986 sentencing, the trial court failed to comply with Crim.R. 32(B) and inform him of his rights to appeal. The trial court considered Dunkle's motion to be a petition for postconviction relief and denied the petition as untimely.

{¶7} Dunkle now appeals the October 9, 2012 judgment entry, arguing this Court should reverse the decision and remand the matter to the trial court for resentencing. The resentencing, Dunkle argues, would allow him to file an appeal of his original sentence.

## ASSIGNMENT OF ERROR

{¶8} Dunkle raises one Assignment of Error:

{¶9} "TRIAL COURT ERRED IN NOT ADVISING OF RIGHT TO APPEAL PURSUANT TO OHIO CRIMINAL RULE 32(B)."

## ANALYSIS

{¶10} The trial court considered Dunkle's "Motion to Correct Sentence" as a petition for postconviction relief. In denying the motion on October 9, 2012, the trial court in its judgment entry stated that it considered the motion to be untimely. R.C. 2953.21(A)(2) governs the time within which a petition for postconviction relief must be filed:

(2) Except as otherwise provided in section 2953.23 of the Revised Code,

a petition under division (A)(1) of this section shall be filed no later than

one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶11} Dunkle, however, does not raise as error on appeal the trial court's decision to consider his motion as an untimely petition for postconviction relief. This Court recently affirmed a trial court's decision to find a petition for postconviction relief as untimely where the defendant failed to raise that issue as error on appeal. In *State v. Millette*, 5th Dist. No. 12-CA-0074, 2013-Ohio-1331, the defendant filed with the trial court a pro se "Motion to Correct Illegal Sentence." The trial court considered the motion to be an untimely petition for postconviction relief and denied the motion on the basis of res judicata. *Id*. at ¶ 6. On appeal, the defendant argued he was illegally imprisoned for allied offenses of similar import and was denied due process by the trial court's failure to consider the illegality of his sentence. *Id*. at ¶ 8. He did not assign as error the trial court's decision to consider his motion as a petition for postconviction relief. We affirmed the trial court's decision for the defendant's failure to raise the decision as error. Our decision in *Millette* is in accord with *State v. Mong*, 5th Dist. No. 01-CA-64, 2001 WL 1561057 (Dec. 6, 2001), wherein we held: "Upon review of appellant's assignment of error, appellant does not argue or allege error in the trial court's dismissing the Petition as being untimely. Accordingly, we find it unnecessary

to address the merits of appellant's arguments inasmuch as the trial court's finding the Petition was untimely filed is an independent ground warranting dismissal of appellant's Petition."

{¶12} In the present case, we find the trial court's finding the petition for postconviction relief was untimely was an independent ground warranting the denial of Dunkle's petition. Dunkle does not raise this as error on appeal.

{¶13} Dunkle's sole Assignment of Error is overruled.

## CONCLUSION

{¶14} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.

Wise, P.J. and

Baldwin, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. CRAIG R. BALDWIN

PAD:kgb

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO :
:
   Plaintiff - Appellee :    JUDGMENT ENTRY
:
:
-vs- :
:    Case No.   12-CA-80
DAVID DUNKLE :
:
   Defendant - Appellant :
:

   For the reasons stated in our accompanying Opinion on file, the judgment of the

Licking County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON. CRAIG R. BALDWIN
