[Cite as *Dunkle v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-3046.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

David Dunkle,                                          :

      Plaintiff-Appellant,                        :

                                      No. 13AP-923

v.                                                    :       (Ct. of Cl. No. 2013-00402)

Ohio Department of Rehabilitation and                 :       (ACCELERATED CALENDAR)
Correction,

                                       :

      Defendant-Appellee.                         :

                                       :

D E C I S I O N

Rendered on July 10, 2014

*David Dunkle*, pro se.

*Michael DeWine*, Attorney General, and *Amy S. Brown*, for appellee.

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, David Dunkle, appeals from a judgment of the Court of Claims of Ohio dismissing his complaint against defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm that judgment.

**I. Factual and Procedural Background**

{¶ 2} On July 11, 2013, Dunkle filed a complaint in the trial court alleging that ODRC breached a plea agreement he entered into with the state of Ohio. Specifically, Dunkle pled guilty in 1986 to a number of criminal offenses and received multiple consecutive life sentences and other concurrent and consecutive sentences of 10 to 25

years.  Dunkle alleged in his complaint that he was to be eligible for parole consideration in 1996, after serving ten years of his sentences.  Dunkle alleged that he did not receive parole consideration in 1996 and would not until 2036.

{¶ 3}  ODRC filed a motion to dismiss Dunkle's complaint pursuant to Civ.R. 12(B)(1) and (6).  ODRC argued that Dunkle asserted no facts that would support any cognizable claim in the Court of Claims.  Specifically, it argued that Dunkle failed to plead a claim for false imprisonment, that he has no right to parole, that ODRC's decision to deny Dunkle a hearing until 2036 is a discretionary decision that is entitled to discretionary immunity, and that the Court of Claims lacks jurisdiction to review Dunkle's underlying criminal matter.  Lastly, ODRC also argued that Dunkle's claim was time-barred pursuant to R.C. 2743.16.

{¶ 4}  The Court of Claims granted ODRC's motion to dismiss.  After noting that there is no right to parole, the court concluded that Dunkle's complaint did not state a claim for relief against ODRC arising out of alleged unjust or erroneous parole board determinations.  It also concluded that any claim Dunkle had concerning the merits of his underlying criminal case were not properly before the court because the Court of Claims lacks jurisdiction to review criminal proceedings in common pleas courts.

## II. The Appeal

{¶ 5}  Dunkle appeals and assigns the following error:

> The Claims Court abused their discretion when denying claim based on misunderstood reasoning.

### A.  Standard of Review

{¶ 6}  The trial court dismissed appellant's complaint based upon Civ.R. 12(B)(1) and (6). Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 6.  The standard for determining a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction is whether the complaint states any cause of action cognizable in the forum. *Univ. of Toledo v. Ohio State Emp. Relations Bd.*, 10th Dist. No. 11AP-834, 2012-Ohio-2364, ¶ 8, citing *Crable v. Ohio Dept. of Youth Servs.*, 10th Dist. No. 09AP-191, 2010-Ohio-788, ¶ 8.  A trial court is not confined to the allegations of the complaint when determining its subject matter jurisdiction under Civ.R.

12(B)(1), and it may consider pertinent material without converting the motion into one for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transmission Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 7} A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim is procedural and tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. Dismissal for failure to state a claim upon which relief can be granted is proper if, after all factual allegations are presumed to be true and all reasonable inferences are made in favor of the non-moving party, it appears beyond doubt from the complaint that the plaintiff could prove no set of facts warranting the requested relief. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In contrast to Civ.R. 12(B)(1) motions, the court may not rely on allegations or evidence outside the complaint in addressing a motion under Civ.R. 12(B)(6) unless, with reasonable notice to the parties, it treats the motion as a Civ.R. 56 motion for summary judgment. Civ.R. 12(B); *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.*, 55 Ohio St.3d 98, 99 (1990).

{¶ 8} This court reviews both types of dismissals under a de novo standard. *Woods v. Riverside Methodist Hosp.*, 10th Dist. No. 11AP-689, 2012-Ohio-3139, ¶ 9 (Civ.R. 12(B)(6) dismissal); *Moore v. Franklin Cty. Children Servs.*, 10th Dist. No. 06AP-951, 2007-Ohio-4128, ¶ 15 (Civ.R. 12(B)(1) dismissal).

**B. Did the Trial Court Properly Dismiss Dunkle's Complaint?**

{¶ 9} Dunkle concedes, as the trial court noted, that he has no right to parole and that he could not sue because of an erroneous or unjust parole determination. However, he argues that an erroneous or unjust parole determination is not the basis of his claim. Rather, he alleges that his claim is based upon the state's breach of his plea agreement. We agree that Dunkle's claim is based upon a breach of his plea agreement, but that conclusion does not help Dunkle in this case.

{¶ 10} A complaint may be dismissed pursuant to Civ.R. 12(B)(6) as failing to comply with the applicable statute of limitations when the complaint shows conclusively on its face that the action is time barred. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 11; *Jackson v. Sunnyside Toyota, Inc.*, 175 Ohio App.3d 370,

2008-Ohio-687, ¶ 15 (8th Dist.). Here, the applicable statute of limitations is found in R.C. 2743.16(A), which provides, in relevant part: "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

{¶ 11} A plea agreement is contractual in nature, is binding, and is subject to contract law standards. *Walker v. Ghee*, 10th Dist. No. 01AP-960 (Jan. 28, 2002), citing *State v. Graham*, 10th Dist. No. 97APA11-1524 (Sept. 30, 1998). For purposes of this appeal, we assume without deciding that the plea agreement Dunkle made with the prosecutor in his criminal case binds ODRC. *See Robertson v. Ohio Adult Parole Auth.*, 10th Dist. No. 01AP-1111, 2002-Ohio-4303, ¶ 29 (assuming that plea agreement bound the Ohio Adult Parole Authority). A cause of action for breach of contract accrues when the breach occurs or when the complaining party suffers actual damages. *Castle King LLC v. Atty. Gen. of Ohio*, 10th Dist. No. 10AP-735, 2011-Ohio-1496, ¶ 9, citing *Bell v. Ohio State Bd. of Trustees*, 10th Dist. No. 06AP-1174, 2007-Ohio-2790, ¶ 27. The determination of when a cause of action accrued is a question of law that we review de novo. *Williams v. Bur. of Workers' Comp.*, 10th Dist. No. 09AP-1076, 2010-Ohio-3210, ¶ 21.

{¶ 12} Dunkle's complaint alleged that the state breached its plea agreement because he did not receive parole consideration as he understood would happen under the agreement. Specifically, he entered a guilty plea in 1986 and alleged that he would not be eligible for parole consideration until 1996 pursuant to that plea agreement. In 1996, however, someone in the prison advised him that he would not receive consideration until 2004. He apparently did not receive consideration in 2004 either and, at some later time, learned that he would not receive parole consideration until 2034. At the latest, Dunkle's cause of action accrued in 2004, when he learned (apparently for the second time) that he would not receive parole consideration as he understood would happen pursuant to his plea agreement. Dunkle did not file this complaint until 2013, much more than two years after this date. Accordingly, on the face of his complaint, it is clear that his claims are barred by the two-year statute of limitations in R.C. 2743.16(A). *Castle King* at ¶ 14; *Williams* at ¶ 30.

## III. Conclusion

{¶ 13} Because the face of Dunkle's complaint conclusively establishes that his claims are barred by the statute of limitations, the trial court did not err by dismissing his complaint pursuant to Civ.R. 12(B)(6). Accordingly, we overrule Dunkle's assignment of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

_____