[Cite as *State v. Dunkle*, 2019-Ohio-76.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DAVID E. DUNKLE | : | Case No. 18-CA-86 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                  Court of Common Pleas, Case No.
                                  86CR16341


JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 January 10, 2019




APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

WILLIAM C. HAYES                           DAVID E DUNKLE, PRO SE
PAULA M. SAWYERS                           MARION CORRECTIONAL
20 South Second Street, Fourth Floor       INSTITUTION
Newark,  OH 43055                          P.O. Box 57
                                           Marion,  OH 43301

*Wise, E., J.*

{¶ 1}   Defendant-appellant David Dunkle appeals the January 5, 2015 judgment entry of the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

Facts and Procedural History

{¶ 2}   A statement of facts underlying Dunkle's original conviction is unnecessary to our disposition of this appeal. In 1986, Dunkle was convicted of multiple counts of rape and sentenced to consecutive life sentences in the Licking County Court of Common Pleas.

{¶ 3}   In 2005, Dunkle filed a pro se motion to file a delayed appeal. He argued the trial court and counsel failed to advise him of his right to appeal, pursuant to Criminal Rule 32. We denied the motion. *State v. Dunkle*, 5th Dist. Licking No. 05-CA-37.

{¶ 4}   In October of 2010, Dunkle sought leave for a delayed appeal on the same grounds, which we also denied. *State v. Dunkle*, 5th Dist. Licking No. 10-CA-110. Also in 2010, Dunkle filed a pro se "Motion to Suspend" his sentence with the trial court, which the trial court construed as a motion for judicial release and overruled. Dunkle sought reconsideration of that decision, which was denied. We dismissed Dunkle's appeal therefrom in *State v. Dunkle*, 5th Dist. Licking No. 11-CA-42, 2011-Ohio-6779. We found the trial court's decision was not a final appealable order and no authority exists for a motion to reconsider a judgment of the trial court in a criminal case. *Id.*

{¶ 5}   On May 17, 2012, Dunkle filed a pro se "Complaint for Contempt of Court Order" with the trial court. In his motion, he argued the Parole Board breached his original plea agreement. The trial court denied the motion. In *State v. Dunkle*, we found the trial

court did not err in overruling his complaint. 5th Dist. Licking No. 13-CA-2, 2013-Ohio-2007.

{¶ 6} On September 4, 2012, Dunkle filed a Motion to Correct Sentence with the trial court and argued that, during his 1986 sentencing, the trial court failed to comply with Criminal Rule 32. Dunkle requested the trial court resentence him so that he could appeal his original sentence. The trial court considered Dunkle's motion to be a petition for post-conviction relief and denied the petition as untimely. We affirmed the trial court's judgment in *State v. Dunkle*, 5th Dist. Licking No. 12-CA-80, 2013-Ohio-2299.

{¶ 7} On July 11, 2013, Dunkle filed a complaint with the Court of Claims of Ohio alleging that the Ohio Department of Rehabilitation and Correction breached a plea agreement he entered into with the State of Ohio. The Court of Claims granted ODRC's motion to dismiss Dunkle's complaint. The Tenth District Court of Appeals affirmed the trial court's decision in *Dunkle v. Ohio Dept. of Rehabilitation and Correction*, 10th Dist. Franklin No. 13AP-923, 2014-Ohio-3046.

{¶ 8} On November 19, 2014, Dunkle filed a "Motion to Correct Sentence" with the trial court, arguing that his sentencing entry contained an error in several counts in that a statute section number was incorrect and the names of certain charges were worded incorrectly. In his motion, Dunkle acknowledged that the correct section number and wording were "lawfully correct" in other documents such as the indictment, plea of guilty, and initial entry upon plea of guilty. The trial court set the matter for a non-oral hearing on December 22, 2014. On January 5, 2015, the trial court issued a judgment entry denying Dunkle's motion. The trial court considered Dunkle's motion to be a petition for post-conviction relief and denied the petition as untimely. Dunkle appealed arguing

this court should immediately void the judgment against him, vacate and reverse his sentence, and release him from prison due to the errors in the sentencing. We affirmed the trial court's decision. *State v. Dunkle*, 5th Dist. Licking No. 15-CA-5, 2015-Ohio-1530.

{¶ 9} On April 6, 2017, Dunkle filed a Motion to Arrest Judgment. The trial court denied the motion on August 24, 2017. Dunkle filed a Motion to Correct Clerical Mistake on September 18, 2017. The motion was denied on September 20, 2017.

{¶ 10} On June 11, 2018 Dunkle filed a Motion to Vacate or Set Aside Judgment of Conviction and Sentence. The motion was denied on June 20, 2018.

{¶ 11} Dunkle then filed a Petition to Vacate or set Aside Judgment of Conviction and Sentence on July 25, 2018. The trial court summarily dismissed the motion on August 23, 2018 as an untimely petition for post-conviction relief. Dunkle filed this appeal, and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 12} THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO RECOGNIZE APPELLANT'S VOID SENTENCE AND VACATE SENTENCE ACCORDINGLY

II

{¶ 13} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO MEET THE REQUIREMENTS OF OHIO RULES OF CRIMINAL PROCEDURE 11(C)(2)(A) AND (F) UNDER THE PLEA AGREEMENT PROCESS

III

{¶ 14} THE TRIAL COURT ABUSED ITS DISCRETION IN CONVICTING THE APPELLANT TO CHARGES IN WHICH THE STATUTORY LANGUAGE OR THE ESSENTIAL ELEMENTS ARE ABSENT AND/OR OMITTED RESULTING IN PLAIN ERROR, CRIMINAL RULE 52(B)

{¶ 15} We address Dunkle's assignments of error together.

{¶ 16} The trial court dismissed Dunkle's motion as an untimely petition for postconviction relief. Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. If a petition is untimely filed, the trial court is required to entertain the petition only if appellant could meet the requirements of R.C. 2953.23(A) - the trial court may not entertain the untimely petition for post-conviction relief "unless the petitioner initially demonstrates * * * he was unavoidably prevented from discovering the facts necessary for the claim for relief [.]" *State v. Tolliver*, 10th Dist. Franklin No. 14AP-170, 2014-Ohio-4824, 2014 WL 5493878, ¶ 18; R.C. 2953.23(A)(1)(a).

{¶ 17} Dunkle was convicted in 1989 making his petition grossly untimely. Further, Dunkle's motion failed to demonstrate he was unavoidably prevented from discovering the facts upon which he based his claims for relief – a void sentence due to alleged sentencing irregularities and ineffective assistance of trial counsel.

{¶ 18} Moreover, instead of challenging the trial court's dismissal of his motion as an untimely petition for postconviction relief here on appeal, Dunkle raises issues the trial court never addressed, and we may therefore not consider.

{¶ 19} We previously addressed this identical issue in *State v. Dunkle*, 5th Dist.

Licking No. 12-CA-80, 2013-Ohio-2299. In that matter, at paragraph 11 we found:

> In *State v. Millette*, 5th Dist. No. 12-CA-0074, 2013-Ohio-1331, the
> defendant filed with the trial court a pro se "Motion to Correct Illegal
> Sentence." The trial court considered the motion to be an untimely
> petition for postconviction relief and denied the motion on the basis
> of res judicata. *Id.* at ¶ 6. On appeal, the defendant argued he was
> illegally imprisoned for allied offenses of similar import and was
> denied due process by the trial court's failure to consider the illegality
> of his sentence. *Id.* at ¶ 8. He did not assign as error the trial court's
> decision to consider his motion as a petition for postconviction relief.
> We affirmed the trial court's decision for the defendant's failure to
> raise the decision as error. Our decision in *Millette* is in accord with
> *State v. Mong*, 5th Dist. No. 01-CA-64, 2001 WL 1561057 (Dec. 6,
> 2001), wherein we held: "Upon review of appellant's assignment of
> error, appellant does not argue or allege error in the trial court's
> dismissing the Petition as being untimely. Accordingly, we find it
> unnecessary to address the merits of appellant's arguments
> inasmuch as the trial court's finding the Petition was untimely filed is
> an independent ground warranting dismissal of appellant's Petition."

{¶ 20} This case is no different. The trial court's finding the petition for postconviction relief was untimely was again, an independent ground warranting the denial of Dunkle's petition, and Dunkle does not raise this as error on appeal. It is therefore unnecessary to address Dunkle's arguments.

{¶ 21} The three assignments of error are overruled.

{¶ 22} The judgment of the Court of Common Pleas, Licking County, is affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/rw