[Cite as *State v. Dunkle*, 2019-Ohio-2900.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DAVID E. DUNKLE, | : | Case No. 19-CA-15 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Licking County
                                Court of Common Pleas, Case No.
                                86CR16341

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               July 16, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

WILLIAM C. HAYES                          DAVID E. DUNKLE, pro se
Licking County Prosecutor                 #R138316
                                          Marion Correctional Institution
By: PAULA M. SAWYERS                      PO Box 57
Assistant Prosecuting Attorney            Marion, Ohio 43301
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Baldwin, J.*

{¶1}   David E. Dunkle appeals the Licking County Common Pleas Court's denial of his Motion to Vacate Void Sentence as Contrary to Law.  Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}   A review of the details of the case concluding with charges against Appellant is unnecessary for the disposition of this appeal and is therefore omitted.

{¶3}   In 1986, Appellant was convicted of multiple counts of rape and sentenced to consecutive life sentences by the Licking County Court of Common Pleas.

{¶4}   In 2005, Appellant filed a pro se motion to file a delayed appeal. He argued the trial court and counsel failed to advise him of his right to appeal, pursuant to Criminal Rule 32. We denied the motion. *State v. Dunkle,* 5th Dist. Licking No. 05-CA-37.

{¶5}   In October of 2010, Appellant sought leave for a delayed appeal on the same grounds, which we also denied. *State v. Dunkle*, 5th Dist. Licking No. 10-CA-110. Also in 2010, Appellant filed a pro se "Motion to Suspend" his sentence with the trial court, which the trial court construed as a motion for judicial release and overruled. Appellant sought reconsideration of that decision, which was denied. We dismissed Appellant's appeal therefrom in *State v. Dunkle*, 5th Dist. Licking No. 11-CA-42, 2011-Ohio-6779. We found the trial court's decision was not a final appealable order and no authority exists for a motion to reconsider a judgment of the trial court in a criminal case. *Id.*

{¶6}   On May 17, 2012, Appellant filed a pro se "Complaint for Contempt of Court Order" with the trial court. In his motion, he argued the Parole Board breached his original plea agreement. The trial court denied the motion. We found the trial court did not err in overruling his complaint. *State v. Dunkle*, 5th Dist. Licking No. 13-CA-2, 2013-Ohio-2007.

{¶7}    On September 4, 2012, Appellant filed a Motion to Correct Sentence with the trial court and argued that, during his 1986 sentencing, the trial court failed to comply with Criminal Rule 32. Appellant requested the trial court resentence him so that he could appeal his original sentence. The trial court considered Appellant's motion to be a petition for post-conviction relief and denied the petition as untimely. We affirmed the trial court's judgment in *State v. Dunkle,* 5th Dist. Licking No. 12-CA-80, 2013-Ohio-2299.

{¶8}    On July 11, 2013, Appellant filed a complaint with the Court of Claims of Ohio alleging that the Ohio Department of Rehabilitation and Correction breached a plea agreement he entered into with the State of Ohio. The Court of Claims granted ODRC's motion to dismiss Appellant's complaint. The Tenth District Court of Appeals affirmed the trial court's decision in *Dunkle v. Ohio Dept. of Rehabilitation and Correction*, 10th Dist. Franklin No. 13AP-923, 2014-Ohio-3046.

{¶9}    On November 19, 2014, Appellant filed a "Motion to Correct Sentence" with the trial court, arguing that his sentencing entry contained an error in several counts in that a statute section number was incorrect and the names of certain charges were worded incorrectly. In his motion, Appellant acknowledged that the correct section number and wording were "lawfully correct" in other documents such as the indictment, plea of guilty, and initial entry upon plea of guilty. The trial court set the matter for a non-oral hearing on December 22, 2014. On January 5, 2015, the trial court issued a judgment entry denying Appellant's motion. The trial court considered Appellant's motion to be a petition for post-conviction relief and denied the petition as untimely. Appellant appealed arguing this court should immediately void the judgment against him, vacate and reverse

his sentence, and release him from prison due to the errors in the sentencing. We affirmed the trial court's decision. *State v. Dunkle,* 5th Dist. Licking No. 15-CA-5, 2015-Ohio-1530.

{¶10}  On April 6, 2017, Appellant filed a Motion to Arrest Judgment. The trial court denied the motion on August 24, 2017.  Appellant filed a Motion to Correct Clerical Mistake on September 18, 2017. The motion was denied on September 20, 2017.

{¶11}  On June 11, 2018 Appellant filed a Motion to Vacate or Set Aside Judgment of Conviction and Sentence. The motion was denied on June 20, 2018.

{¶12}  Appellant then filed a Petition to Vacate or set Aside Judgment of Conviction and Sentence on July 25, 2018. The trial court summarily dismissed the motion on August 23, 2018 as an untimely petition for post-conviction relief. Appellant filed an appeal.  We overruled the assignments of error, holding "The trial court's finding the petition for postconviction relief was untimely was again, an independent ground warranting the denial of Dunkle's petition, and Dunkle does not raise this as error on appeal. It is therefore unnecessary to address Dunkle's arguments." *State v. Dunkle,* 5th Dist. Licking No. 18-CA-86, 2019-Ohio-76, ¶ 20.

{¶13}  Appellant filed a Motion to Vacate Void Sentence as Being Contrary to Law on February 6, 2019.  His motion was denied by the trial court as barred by res judicata and a finding that Appellant's assertion that he was not notified of the maximum penalty for each charge was contradicted by the record.  Appellant filed a notice of appeal and submitted two assignments of error:

{¶14}  "I. THE TRIAL COURT VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS BY FAILING TO ADVISE HIM OF HIS RIGHT TO APPEAL, AS OF RIGHT, PURSUANT TO CRIM.R.P. 32(B) (SIC) AND THE FIFTH & FOURTEENTH

AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND IS CONTRARY TO THE LAW OF THIS STATE, AND RESULTS IN PLAIN ERROR CRIM.R. 52(B)."

{¶15} "II. THE TRIAL COURT FAILED TO STATE NEGOTIATED PLEA ON PLEA AGREEMENT JOURNAL, AS OF AMOUNTED TIME THEREFORE WAS NOT ENTERED, RENDERING CONTRACT VOID AND CONTRARY TO LAW, PURSUANT TO CRIMINAL R. 11(F), RESULTING IN PLAIN ERROR, CRIM.R. 52(B). (SIC)."

### STANDARD OF REVIEW

{¶16} The Appellant's request, though captioned a Motion to Vacate Void Sentence as Contrary to Law, is a petition for post-conviction relief because "it was (1) filed subsequent to direct appeal, (2) claims a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks for vacation of the judgment and sentence." *State v. Reynolds,* 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Despite our prior holdings regarding timeliness, Appellant has again omitted any explanation for his untimely request for relief.  Appellant was obligated to file his petition for post-conviction relief no later than three hundred sixty-five days after the expiration of the time for filing the appeal. R.C. 2953.21. If a petition is untimely filed, the trial court is required to entertain the petition only if appellant could meet the requirements of R.C. 2953.23(A).  The trial court may not entertain the untimely petition for post-conviction relief "unless the petitioner initially demonstrates * * * he was unavoidably prevented from discovering the facts necessary for the claim for relief [.]" *State v. Tolliver*, 10th Dist. Franklin No. 14AP-170, 2014-Ohio-4824, 2014 WL 5493878, ¶ 18; R.C. 2953.23(A)(1)(a). *State v. Dunkle*, 5th Dist. Licking No. 18-CA-86, 2019-Ohio-76, ¶ 16.

**{¶17}** Appellant's petition is grossly delinquent, being related to a conviction that occurred more than thirty years prior to the filing of the petition and he makes no effort to argue that he was unavoidably prevented from discovering the errors he asserts. The trial court, therefore, had no jurisdiction to consider this petition. *State v. Apanovitch,* 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, reconsideration denied, 154 Ohio St.3d 1467, 2018-Ohio-5210, 114 N.E.3d 217.

**{¶18}** Not only does Appellant fail to demonstrate he was unavoidably prevented from discovering the facts necessary for the claim for relief, the only source for the facts he alleges is the record in this case, which leads to the issue of res judicata.

**{¶19}** Appellant's post-conviction petition for relief is based upon his contention that the trial court failed to notify him of his right to appeal, that a negotiated plea was not properly recorded in the record and that he was not notified of the maximum sentence imposed. Ascertaining the validity of any of his assertions requires a review of the record of his 1986 conviction. "[A] common pleas court may apply the doctrine of res judicata to dismiss a post-conviction claim, when the claim presents a matter that could fairly have been determined without resort to evidence dehors the record. In the case at bar, Appellant presents no evidence outside the record to support his claim. Accordingly, the claim presents a matter that could fairly have been determined without resort to evidence dehors the record." *State v. Wilson,* 5th Dist. Delaware No. 18CAA040035, 2018-Ohio-5167, ¶¶ 64-65, appeal not allowed, 155 Ohio St.3d 1422, 2019-Ohio-1421, 120 N.E.3d 868, ¶¶ 64-65.

**{¶20}** The Supreme Court of Ohio has applied the doctrine of res judicata in post-conviction petition matters. Under the doctrine of res judicata, a final judgment of

conviction bars the defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus; *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**{¶21}** Appellant in the case before us was represented by counsel and had the opportunity to raise the issues described in his post-conviction petition in a direct appeal. He failed to do so and, therefore, his assignments are barred by res judicata. *State v. Lusher*, 5th Dist. Richland No. 14CA72, 2015-Ohio-1924, ¶ 20.

**{¶22}** Even if we were to consider Appellant's arguments, we would reach the same conclusion. Appellant references Crim.R. 11(F) which states: "(F) Negotiated Plea in Felony Cases. When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court." Appellant also contends that he was not notified his right to appeal as required by Crim.R. 32.

**{¶23}** The trial court is obligated to engage in a plea colloquy insuring that the Appellant understood the consequences of a plea. This dialogue with the Appellant is to occur in open court on the record and would be found in the transcript of the sentencing hearing. Appellant did not provide a transcript of the sentencing hearing for our review and appellant never filed a direct appeal. Had he done so, he may have had access to his transcript, or he could have submitted a statement pursuant to App.R. 9(C) or (D) to

reconstruct the record which he failed to do. Therefore, we must presume regularity of the plea hearing. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197 (1980). Further, the record does contain multiple petitions executed by Appellant upon which the maximum penalty was recorded as well as a statement from his counsel acknowledging that he explained the maximum penalty to Appellant.  Finally, the record contains no evidence of any negotiated plea agreement.  We find Appellant's signed petitions and his attorney's representation, coupled with the presumption of regularity regarding the sentencing hearing, to be sufficient to give appellant notice of the consequences of his plea.

{¶24}  Appellant relies on the text of Crim.R. 32 to support his argument regarding notice of his right to appeal, but that Rule did not exist in its current form until amendment in 1998. Crim. R. 32, Comments.  Prior to the amendment, the requirement regarding notification appeared in Crim.R. 32(A)(2) and stated in relevant part that: "[a]fter imposing sentence in a serious offense that has gone to trial on a plea of not guilty, the court shall advise the defendant *** [t]hat the defendant has a right to appeal***."  Appellant was convicted in 1986 upon a plea of guilty. His case did not go to trial on a plea of not guilty and the version of Crim.R. 32 in effect at the time of his conviction did not obligate the trial court to provide a notice of a right to appeal.  Consequently, Appellant's assignment would fail on its merits.

{¶25}  We hold that the Appellant's post-conviction petition for relief was untimely and the trial court had no jurisdiction to consider the petition.  We further find that the matters presented by the Appellant are barred by the doctrine of *res judicata* and that even if they were considered, they would fail for lack of a transcript and on the merits.

{¶26} The Appellant's assignments of error are denied and the decision of the Licking County Court of Common Pleas is affirmed.


By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.