[Cite as *State ex rel. Hairston v. State*, 2018-Ohio-104.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Rico Isaih Hairston, | : | |
| Petitioner, | : | |
| v. | : | No. 17AP-501 |
| State of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on January 11, 2018

*Rico Isaih Hairston,* pro se.

IN HABEAS CORPUS
ON RESPONDENT'S MOTION TO DISMISS

TYACK, J.

{¶ 1}  Rico Isaih Hairston filed this original action seeking a writ to compel his release from incarceration.  In accord with Loc.R. 13 of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings.

{¶ 2}  The magistrate reviewed the documents filed by Hairston and issued a magistrate's decision, appended hereto, recommending that this case be dismissed because Hairston had not attached a copy of his commitment papers to his complaint.  The magistrate also noted that Hairston had not complied with R.C. 2969.25.

{¶ 3}  Hairston filed paperwork which did not argue that he had complied with the statutory requirements.  Instead, he sought to file an amended complaint.  Hairston also stated that his prison sentence has expired.

{¶ 4}  Hairston is now in the custody of the Franklin County Sheriff as a result of new charges reflected in case No. 17CR-01548.  The new charges are two counts of rape,

two counts of attempted rape, and two counts of gross sexual imposition. A bond of $500,000 cash or surety has been set for the new cases.

{¶ 5} As best as the court can determine, Hairston's original charges are no longer the reason for his incarceration. Nothing before us indicates that the bond and the incarceration awaiting trial on the rape and related charges are legally insufficient to cause Hairston to be detained awaiting his trial on those charges.

{¶ 6} Hairston's motions to amend his complaint and his request for a writ of habeas corpus are denied.

*Motions denied; Writ of habeas corpus denied.*

KLATT and BRUNNER, JJ., concur.

————————————

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Rico Isaih Hairston,          :

        Petitioner,          :

v.          :          No. 17AP-501

State of Ohio, et al.,          :          (REGULAR CALENDAR)

        Respondents.          :

---

## M A G I S T R A T E ' S   D E C I S I O N

**Rendered on August 23, 2017**

---

*Rico Isaih Hairston,* pro se.

---

### IN HABEAS CORPUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 7}   Petitioner, Rico Isaih Hairston, has filed this original action requesting this court issue a writ of habeas corpus ordering that he immediately be released from custody. Findings of Fact:

{¶ 8}   1. On July 12, 2017, petitioner filed this habeas corpus action alleging numerous facts stretching back to 2013 explaining how he was ultimately imprisoned despite his assertion that his period of post-release control had expired.

{¶ 9}   2. At the time he filed this habeas corpus action, petitioner did not pay the filing fee nor did he file a motion to proceed in forma pauperis with the attending documentation required by R.C. 2969.25(C).

{¶ 10} 3. On August 1, 2017, petitioner filed a motion to appoint counsel and asserted he could not afford an attorney.

{¶ 11} 4. On August 3, 2017, respondent filed a motion to dismiss arguing in part that petitioner's failure to attach his commitment paper pursuant to R.C. 2725.04(D) and his failure to comply with the mandatory requirements of R.C. 2969.25(C) warranted dismissal.

{¶ 12} 5. On August 11, 2017, petitioner filed a memorandum contra.

Conclusions of Law:

{¶ 13} R.C. 2725.04(D) provides that a copy of the commitment papers or cause of detention must be filed with a habeas complaint. the failure to attach a copy of those documents renders the petition "fatally defective and subject to dismissal." *Fugett v. Turner,* 140 Ohio St.3d 1, 2014-Ohio-1934, ¶ 2.

{¶ 14} Because petitioner has failed to attach a copy of his commitment papers pursuant to R.C. 2725.04(D) and has failed to comply with the mandatory requirements of R.C. 2969.25(C), it is this magistrate's decision that this court should sua sponte dismiss his habeas corpus action. Further, this court should deny his motion to appoint counsel.

{¶ 15} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 16} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 17} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield

---

[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C).
Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.
>
> In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.
>
> Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

{¶ 18} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

> In affirming the judgment of the appellate court, the Supreme Court stated:
>
> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a

> "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 19} Pursuant to the above-cited authority and because petitioner cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss petitioner's complaint.  Inasmuch as petitioner did not prevail and did not establish indigency, this court should order petitioner to pay the costs of the proceedings.  Finally, this court should deny petitioner's request for the appointment of counsel because a habeas corpus petitioner has no constitutional right to counsel.  *See generally State ex rel. Johnson v. Ohio Adult Parole Auth.,* 4th Dist. No. 99 C-84 2678 (Mar. 29, 2000).


/S/ MAGISTRATE
STEPHANIE BISCA


**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).