**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Pureval*, Slip Opinion No. 2020-Ohio-4024.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4024

THE STATE EX REL. WARE, APPELLANT, *v*. PUREVAL, CLERK, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Pureval*, Slip Opinion No. 2020-Ohio-4024.]

*Mandamus—A complaint should not be dismissed based on a clerk's error not caused by party that filed complaint—Court of appeals' dismissal of complaint for inmate's alleged failure to file affidavit of prior actions required by R.C. 2969.25(A) reversed and cause remanded.*

(No. 2020-0162—Submitted May 12, 2020—Decided August 12, 2020.)

APPEAL from the Court of Appeals for Hamilton County, No. C-190563.

_____

**Per Curiam.**

{¶ 1} Appellant, Kimani Ware, appeals the dismissal of his complaint for a writ of mandamus against appellee, Hamilton County Clerk of Courts Aftab Pureval, to compel the production of various public records. For the reason stated

below, we reverse the judgment of the court of appeals and remand the case for further proceedings.

## Background and procedural history

{¶ 2} Ware is an inmate at the Trumbull Correctional Institution. On January 23, 2019, he sent ten separate public-records requests by certified mail to Pureval. All ten requests indicated that they were "public records request[s] pursuant to R.C. 149.43."

{¶ 3} The office responded separately to each request with the same form letter stating that the request was "subject to approval from the judge who sentenced [Ware] (or their successor) according to Section 149.43(B)(8) of the Ohio Revised Code." On February 22, 2019, Ware wrote back to the office, arguing that his requests were not subject to R.C. 149.43(B)(8). The office responded by sending back the same form letter.

{¶ 4} On October 1, 2019, Ware filed a complaint for a writ of mandamus in the First District Court of Appeals. The court of appeals granted Pureval's motion to dismiss based on Ware's alleged failure to file an affidavit of prior actions, as required by R.C. 2969.25(A).

## Legal analysis

{¶ 5} The court of appeals dismissed Ware's complaint for noncompliance with R.C. 2969.25(A). That statute requires an inmate who commences in the court of appeals a civil action against a government entity or employee to file an affidavit describing "each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The affidavit must include (1) a brief description of the nature of the civil action or appeal, (2) the case name, case number, and court in which the action or appeal was brought, (3) the name of each party to each action or appeal, and (4) the outcome of each action or appeal. *Id.* Compliance with R.C. 2969.25(A) is mandatory, and the failure to comply warrants

dismissal of the action. *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3.

{¶ 6} In his motion to dismiss, Pureval alleged that Ware had not filed an affidavit of prior civil actions as required by R.C. 2969.25(A). Ware filed a brief in opposition to the motion, claiming that he did comply with R.C. 2969.25(A). In its decision, the court of appeals concluded that although Ware "insists that he did file an affidavit of prior actions, no such affidavit appears in the record."

{¶ 7} On appeal, Ware has presented his affidavit of prior civil actions, which was date-stamped on October 1, 2019, by the First District. The time-stamped affidavit supports Ware's allegation that he complied with the statute and that the clerk's office failed to place the affidavit in the court file. *See Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, ¶ 8-9 (endorsement by the clerk of the fact and date of the filing is evidence of the filing), *vacated in part on reconsideration on other grounds*, 126 Ohio St.3d 1227, 2010-Ohio-3754, 933 N.E.2d 260; Sup.R. 44(E) (" 'file' means to deposit a document with a clerk of court, upon the occurrence of which the clerk time or date stamps and dockets the document").

{¶ 8} This case involves an original action instituted in the court of appeals, and it appears that the court's sole basis for dismissing the complaint may have been the result of a docketing error. A complaint should not be dismissed based on a clerk's error that was not caused by the party that filed the complaint. *See Columber v. Kenton*, 111 Ohio St. 211, 145 N.E. 12 (1924) (holding that appeal should not have been dismissed for failure to file a transcript, because error had been made by clerk of the common pleas court, not the appellant). We therefore reverse the judgment of the court of appeals dismissing Ware's complaint, and we remand for the court to review in the first instance whether the affidavit was filed and otherwise complies with the requirements of R.C. 2969.25(A).

## Conclusion

{¶ 9} We reverse the judgment of the court of appeals, and we remand the case for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Kimani Ware, pro se.

_____