**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Dunkle v. Hill*, **Slip Opinion No. 2021-Ohio-3835.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3835

DUNKLE, APPELLANT, *v*. HILL, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dunkle v. Hill*, Slip Opinion No. 2021-Ohio-3835.]**

*Habeas corpus—R.C. 2969.25—R.C. 2725.04—Petitioner failed to comply with R.C. 2969.25(A), which requires an inmate who files a habeas corpus petition in a court of appeals to attach an affidavit listing all state and federal civil actions and appeals of civil actions that he has filed in the previous five years—Petitioner's complaint was not verified, which is required under R.C. 2725.04—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2021-0353—Submitted August 3, 2021—Decided November 2, 2021.)

APPEAL from the Court of Appeals for Marion County, No. 9-20-37.

_____

**Per Curiam.**

{¶ 1} Appellant, David E. Dunkle, appeals the judgment of the Third District Court of Appeals dismissing his complaint for a writ of habeas corpus

against Lyneal Wainwright,[1] the former warden of the Marion Correctional Institution, at which Dunkle is an inmate. We affirm the judgment of the court of appeals.

**Background**

{¶ 2} In September 1986, Dunkle was convicted in the Licking County Court of Common Pleas of, among other offenses, four counts of complicity to commit rape. He was sentenced to four consecutive terms of life imprisonment for those offenses.

{¶ 3} Dunkle did not appeal his convictions and sentences because, he alleges, the trial court and his counsel failed to inform him of his right to appeal. Dunkle twice unsuccessfully tried to pursue a delayed appeal based on his claim that he was not informed of his right to appeal. *See State v. Dunkle*, 5th Dist. Licking No. 05-CA-37 (May 2, 2005); *State v. Dunkle*, 5th Dist. Licking No. 10-CA-110 (Nov. 22, 2010). He also raised the same allegation in an untimely petition for postconviction relief, which was dismissed. *See State v. Dunkle*, 5th Dist. Licking No. 12-CA-80, 2013-Ohio-2299, ¶ 6-7, 11-12; *see also State v. Dunkle*, 5th Dist. Licking No. 18-CA-86, 2019-Ohio-76, ¶ 16-20.

{¶ 4} In October 2020, Dunkle filed against the warden a complaint for a writ of habeas corpus in the Third District, again alleging that he was not informed of his right to appeal. The court of appeals granted the warden's motion to dismiss. 3d Dist. Marion No. 9-20-37 (Feb. 25, 2021).

{¶ 5} Dunkle appealed to this court as of right.

**Legal analysis**

{¶ 6} R.C. 2969.25(C) provides that *if* an inmate who is filing a civil action against a governmental employee seeks a waiver of the filing fee, then the inmate must file an affidavit stating that he or she is seeking a waiver of the fee and an

---

1. The current warden of the Marion Correctional Institution, appellee, Leon Hill, is automatically substituted as a party to this action under S.Ct.Prac.R. 4.06(B).

affidavit of indigency. The affidavits must contain a statement of the balance in the inmate's account. *Id.* This requirement applies to habeas corpus actions filed in a court of appeals. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 6. Failure to comply with R.C. 2969.25 is a ground for dismissal. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422, 696 N.E.2d 594 (1998). The court of appeals dismissed Dunkle's complaint, in part because he failed to file a certified statement of the balance in his inmate account.

{¶ 7} The first page of Dunkle's habeas complaint indicated that the two affidavits required under R.C. 2969.25(C) were included with the complaint, but they are not attached to the copy of the complaint in the record before this court. Therefore, based on the record, Dunkle arguably did not request a waiver of the filing fee at all, in which case he was not required to file a certified statement of his account balance. But if Dunkle did not seek a waiver of the filing fee, then he should have paid the fee and his complaint is subject to dismissal for nonpayment of the fee. *See State ex rel. Hairston v. State*, 10th Dist. Franklin No. 17AP-501, 2018-Ohio-104, ¶ 9, 15-19 (recommending that a habeas petition be dismissed because the petitioner neither paid the filing fee nor filed a motion to proceed in forma pauperis with supporting documentation); *Wilson v. Miller*, 7th Dist. Belmont No. 12 BE 6, 2012-Ohio-1303, ¶ 13 (dismissing a habeas petition because the petitioner had neither paid the filing fee nor attached the necessary documentation to request a waiver of the fee).

{¶ 8} The warden points out that Dunkle's habeas complaint also was not verified, which is required under R.C. 2725.04. The failure to verify a complaint for a writ of habeas corpus is a ground for dismissal. *State ex rel. Ranzy v. Coyle*, 81 Ohio St.3d 109, 110, 689 N.E.3d 563 (1998). Although the court of appeals did not cite Dunkle's failure to verify his complaint as a basis for its dismissal, we have "plenary authority in extraordinary writ cases to consider [habeas petitions] as if

they had been originally filed in this court." *Chari v. Vore*, 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (2001).

{¶ 9} In addition, Dunkle failed to comply with R.C. 2969.25(A), which requires an inmate who files a habeas corpus petition in a court of appeals to attach an affidavit listing all state and federal civil actions and appeals of civil actions that he has filed in the previous five years. *See also State ex rel. Dixon v. Bowerman*, 156 Ohio St.3d 317, 2019-Ohio-716, 126 N.E.3d 1086, ¶ 4. Because Dunkle filed his habeas complaint in the court of appeals, he was required to comply with the requirements of R.C. 2969.25(A). *See State ex rel. McDougald v. Greene*, 155 Ohio St.3d 216, 2018-Ohio-4200, 120 N.E.3d 779, ¶ 8 (explaining that the requirements of R.C. 2969.25 apply to a civil action or appeal against a governmental entity or employee filed in the court of appeals, but not to actions filed in this court). And dismissal is an appropriate disposition of an inmate's complaint that fails to comply with R.C. 2969.25(A). *State ex rel. Ware v. Pureval*, 160 Ohio St.3d 387, 2020-Ohio-4024, 157 N.E.3d 714, ¶ 5.

{¶ 10} Dunkle indicated in his affidavit that he had not filed any civil actions or appeals of civil actions within the preceding five years. But as the warden points out, Dunkle filed an appeal to this court of another habeas judgment in case No. 2015-1685, *Dunkle v. Dept. of Rehab. & Corr.*, on October 16, 2015, which was within five years of when he filed the habeas complaint involved in this matter on October 2, 2020.

{¶ 11} For all these reasons, we hold that the court of appeals correctly dismissed Dunkle's complaint for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

David E. Dunkle, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____