[Cite as *Mallory v. Foley*, 2023-Ohio-226.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| DEVON L. MALLORY, | : | |
| Petitioner, | : | |
| | | No. 112288 |
| v. | : | |
| MR. FOLEY (WARDEN), | : | |
| Respondent. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**RELEASED AND JOURNALIZED:** January 20, 2023

---

Writ of Habeas Corpus
Order No. 561094

---

***Appearances:***

Devon L. Mallory, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Petitioner, Devon L. Mallory, seeks a writ of habeas corpus directing "Mr. Foley (Warden)"[1] to release him because his conviction is "based on evidence that is against the manifest weight of the evidence." Mallory's petition is fatally defective. Therefore, it is sua sponte dismissed.

---

[1] This court notes that the petition is improperly captioned. It does not include the full name of a respondent as required by Civ.R. 10(A).

{¶ 2} On January 4, 2023, Mallory filed a single-page petition for writ of habeas corpus. The sole argument raised is that an unspecified conviction is not supported by the manifest weight of the evidence. Mallory attached to the petition only the first two pages of an appellate decision in *State v. Mallory*, 2022-Ohio-3667, 199 N.E.3d 104 (8th Dist.). The petition lacks any further argument or indication of the source of Mallory's commitment.

{¶ 3} The sua sponte dismissal of a complaint for an extraordinary writ is appropriate where it is frivolous or the claimant obviously cannot prevail on the facts alleged therein. *State ex rel. Allen v. Goulding*, 156 Ohio St.3d 337, 2019-Ohio-858, 126 N.E.3d 1104, ¶ 6, citing *State ex rel. Brooks v. O'Malley*, 117 Ohio St.3d 385, 2008-Ohio-1118, 884 N.E.2d 42, ¶ 5. Also, "a court may dismiss a habeas petition sua sponte if the petition does not contain a facially valid claim." *Al'Shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, 40 N.E.3d 1073, ¶ 7, citing *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 270, 271, 695 N.E.2d 254 (1998). Such is the case when a petition for writ of habeas corpus is fatally procedurally defective. *In re Evans*, 8th Dist. Cuyahoga No. 108316, 2019-Ohio-1129, ¶ 10.

{¶ 4} Mallory cannot succeed in this action because he has failed to include any commitment papers with his petition. "R.C. 2725.04(D) requires a habeas petition to include the inmate's commitment papers 'if [they] can be procured without impairing the efficiency of the remedy.' Failure to attach the required documents is fatal to a habeas petition." *McDonald v. Black*, Slip Opinion No. 2022-Ohio-3938, ¶ 6, citing *Griffin v. McFaul*, 116 Ohio St.3d 30, 2007-Ohio-

5506, 876 N.E.2d 527, ¶ 4.  The only item attached to the petition in this case is the first two pages of the appellate decision in *Mallory*.  No commitment papers were attached, and Mallory has not asserted that he was unable to obtain these papers.  This constitutes sufficient grounds for dismissal.  *McDonald* at ¶ 12.

{¶ 5}  R.C. 2725.04 also requires that any petition for writ of habeas corpus be verified.  "The failure to verify a complaint for writ of habeas corpus is a grounds for dismissal."  *Dunkle v. Hill*, 165 Ohio St.3d 580, 2021-Ohio-3835, 180 N.E.3d 1125, ¶ 8, citing *State ex rel. Ranzy v. Coyle*, 81 Ohio St.3d 109, 110, 689 N.E.2d 563 (1998).  The single-page complaint lacks any statement or affidavit of verification.  Therefore, it is subject to dismissal.

{¶ 6}  Further, Mallory has not provided any of the affidavits required by R.C. 2969.25.  The affidavit requirements of this statute apply to habeas corpus actions.  *Dunkle* at ¶ 6, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 6.  This statute requires an inmate in a state prison institution commencing an action against a governmental entity or employee to include an affidavit of prior civil actions or appeals of civil actions filed within the previous five years.  R.C. 2969.25(A).  The failure to include this affidavit is grounds for dismissal.  *Dunkle* at ¶ 9, citing *State ex rel. Ware v. Pureval*, 160 Ohio St.3d 387, 2020-Ohio-4024, 157 N.E.3d 714, ¶ 5.  No affidavit of prior civil actions was submitted with the petition.  Therefore, it is subject to dismissal.

{¶ 7}  Mallory also did not file an affidavit of indigency that includes a statement from the institutional cashier as required by R.C. 2969.25(C).  No affidavit

of indigency of any kind was included, and Mallory did not pay the filing fee. This fatal defect also constitutes sufficient grounds for dismissal and the imposition of costs. *Dunkle* at ¶ 7, citing *State ex rel. Hairston v. State*, 10th Dist. Franklin No. 17AP-501, 2018-Ohio-104, ¶ 9, 15-19; and *Wilson v. Miller*, 7th Dist. Belmont No. 12 BE 6, 2012-Ohio-1303, ¶ 13.

{¶ 8} Finally, even if all of these procedural defects could be overlooked, this court does not have jurisdiction over the petition. According to R.C. 2725.03, where a person is an inmate in an Ohio correctional institution a petition for writ of habeas corpus must be filed in a court whose territorial jurisdiction includes the institution housing the inmate. The petition indicates that Mallory is housed in an institution in Grafton, Ohio. Grafton, Ohio, is not within Cuyahoga County, Ohio — the territorial jurisdiction of this court. "[N]o court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for [an inmate's] production or discharge." R.C. 2725.03. Therefore, this court cannot grant any relief to Mallory in this action. *State v. Patterson*, 8th Dist. Cuyahoga No. 105109, 2017-Ohio-2664, ¶ 8-9.

{¶ 9} For all these reasons, the petition for writ of habeas corpus is sua sponte dismissed. Costs assessed against petitioner. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**{¶ 10}** Petition dismissed.

---

SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR