[Cite as *State ex rel. Williams v. Ohio Adult Parole Auth.*, 2023-Ohio-850.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Hosie Williams, | : | |
| Relator, | : | |
| v. | : | No. 22AP-662 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on March 16, 2023

**On brief:** *Hosie Williams*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS

BOGGS, J.

{¶ 1} Relator, Hosie Williams, has filed an original action for a writ of mandamus, alleging that respondent, the Ohio Adult Parole Authority ("OAPA"), violated his right to due process by, after revoking Williams's judicial release, imposing a sentence greater than that originally imposed by the sentencing court and by having him serve a sentence that extended beyond his judicially imposed sentence. Williams states that the purpose of this action is "to stop and prevent the [OAPA] and its parole officers from continuing their postrelease control" on him. (Nov. 1, 2022 Compl. at 2.) When he filed his complaint, Williams was an inmate at the Southern Ohio Correctional Facility. OAPA has filed a motion to dismiss, arguing in part that Williams failed to comply with the mandatory requirements set out in R.C. 2969.25 that apply to an inmate who commences a civil action against a governmental entity or employee.

{¶ 2}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate, who issued a decision containing findings of fact and conclusions of law.  That decision is appended hereto.  Although the magistrate's decision does not mention OAPA's motion to dismiss, the magistrate nevertheless recommends that we dismiss Williams's complaint based on Williams's failure to comply with the mandatory filing requirements of R.C. 2969.25—one of the grounds for dismissal that OAPA argues in its motion.  We modify the magistrate's decision to reflect notice of OAPA's motion to dismiss.

{¶ 3}    Williams filed what is purported to be an objection to the magistrate's decision, but this court struck that filing because it failed to state grounds for objection to the magistrate's decision with particularity, as required by Civ.R. 53(D)(3)(b)(ii).  We therefore proceed as if no timely objections have been filed.  If no timely objections to a magistrate's decision are filed, "the court may adopt [the] magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."  Civ.R. 53(D)(4)(c).

{¶ 4}    Our review of the magistrate's decision, as modified, reveals no error of law or other evident defect.  The magistrate found that Williams failed to comply with the mandatory requirements of R.C. 2969.25(A) and (C).  As to R.C. 2969.25(A), Williams did not file with his complaint "an affidavit that contains a description of each civil action or appeal of a civil action that [he] has filed in the previous five years in any state or federal court."  Nor did Williams file a statement that he has not filed any such civil actions or appeals.  *See Kachermeyer v. Tolson*, 10th Dist. No. 01AP-1186, 2002 Ohio App.LEXIS 1999, *10 (April 30, 2002) (a relator who has not filed any actions subject to disclosure under R.C. 2969.25(A) should file a written affirmation of that fact).  As to R.C. 2969.25(C), Williams did not file an affidavit stating that he was seeking a waiver of prepayment of the court's filing fees or an affidavit of indigency.  An inmate's failure to strictly comply with the requirements of R.C. 2969.25 is grounds for dismissal.  *Dunkle v. Hill*, 165 Ohio St.3d 580, 2021-Ohio-3835, ¶ 6 (affirming dismissal of petition in habeas corpus where relator did not comply with R.C. 2969.25(A) and (C)), citing *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422 (1998).  We agree with the magistrate's conclusion that Williams's failure to comply with R.C. 2969.25 justifies dismissal of Williams's complaint.

{¶ 5} Upon our independent review, we modify the magistrate's decision to reflect OAPA's filing of a motion to dismiss, but we otherwise adopt the magistrate's findings of facts and conclusions of law. In accordance with that modified decision, we grant OAPA's motion to dismiss.

*Action dismissed.*

DORRIAN and LELAND, JJ., concur.

————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Hosie Williams, | : | |
| Relator, | : | |
| v. | : | No.  22AP-662 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 29, 2022

*Hosie Williams*, pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 6}  Relator, Hosie Williams, has filed this original action requesting that this court issue a writ of mandamus, alleging that respondent, Ohio Adult Parole Authority, violated his due process rights by imposing a greater sentence than the original sentence after revoking judicial release and by having him serve a sentence past his judicially imposed sentence, and violated numerous other constitutional rights in vague or unspecified ways.

Findings of Fact:

{¶ 7}   1. At the time of the filing of his complaint, relator was an inmate incarcerated at Southern Ohio Correctional Facility, in Lucasville, Ohio.

{¶ 8}   2. Respondent is a governmental agency responsible for, among other things, the release of criminal offenders from prison.

{¶ 9}   3. On November 1, 2022, relator filed a petition for writ of mandamus, alleging that respondent violated his due process rights by imposing a greater sentence than the original sentence after revoking judicial release and by having him serve a sentence past his judicially imposed sentence, and violated numerous other constitutional rights in vague or unspecified ways. Relator brought the complaint in his own name, did not pay the court filing fee, and did not file an affidavit of prior civil actions, an affidavit for waiver of the court filing fee, or affidavit of indigency.

{¶ 10}   4. On November 17, 2022, relator filed what could be construed as an amended complaint with a request for oral argument, with essentially the same allegations as those pled in the original complaint. Relator again styled the complaint using his own name as relator.

Conclusions of Law:

{¶ 11} The magistrate recommends that this court sua sponte dismiss relator's petition for writ of mandamus.

{¶ 12}  In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A relator bears the burden of persuasion to show entitlement to a writ of mandamus by clear and convincing evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, ¶ 26. "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of evidence, but it does not extend the degree of certainty beyond a reasonable doubt as required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14.

{¶ 13} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years. R.C. 2969.25(A) provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
>
> * * *
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25 (A)(1) through (4) and (C)(1) and (2).

{¶ 14} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a complaint affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 15} In the present case, relator failed to file an affidavit as required by R.C. 2969.25(A). Relator also does not give any indication in his complaint(s) that he has filed no civil actions or appeals of a civil action in the previous five years in any state or federal court. *See State ex rel. Jones v. Franklin Cty. Common Pleas Court Adm. Judge*, 10th Dist. No. 21AP-662, 2022-Ohio-1296, ¶ 8 (magistrate's decision) (finding that, if the inmate has no prior civil actions to list, no R.C. 2969.25(A) affidavit need be filed; in such cases, however, the inmate must file a statement with his complaint declaring that there are no prior civil actions to list; failure to include such a statement is grounds for dismissal under the same conditions as an incomplete or absent affidavit where one would be required), citing *Kachermeyer v. Tolson*, 10th Dist. No. 01AP-1186, 2002-Ohio-2092. Given the lack of an R.C. 2969.25(A) affidavit or any mention in his complaint(s) that he has filed no other civil actions or appeals in the preceding five years, relator has failed to comply with R.C. 2969.25(A).

{¶ 16} Furthermore, relator has failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. In this case, in contravention of R.C. 2969.25(C), relator did not file an affidavit that he is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. Relator also did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by

the institutional cashier. The Supreme Court of Ohio has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. Therefore, relator's failure to comply with R.C. 2969.25(C) is an additional ground for dismissal.

{¶ 17} Furthermore, R.C. 2731.04 provides that an "[a]pplication for the writ of mandamus must be * * * in the name of the state on the relation of the person applying." Although the failure to name the State of Ohio on the relation in a petition is grounds for dismissal, *see Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, ¶ 35-36, a relator may seek leave to amend the complaint to comply with R.C. 2731.04. *Id.* Here, relator did not follow R.C. 2731.04 when he failed to name the State of Ohio on the relation in either his petition or amended petition, and relator has not sought leave to amend his complaint to name the State of Ohio on the relation of relator.

{¶ 18} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25, this court should sua sponte dismiss relator's complaint for writ of mandamus. All pending motions are denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).