[Cite as *Berrospi v. Michigan*, 2025-Ohio-2314.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Evelyn Madeley Romero Berrospi         Court of Appeals No. WD-25-040

     Relator

v.

State of Michigan                **DECISION AND JUDGMENT**

     Respondent              Decided:  June 30, 2025

* * * * *

Evelyn Madeley Romero Berrospi, Relator, pro se..

* * * * *

**OSOWIK, J.**

{¶ 1} On June 20, 2025, the petitioner, Evelyn Madeley Romero Berrospi, filed an application for a writ of habeas corpus in the Wood County Court of Appeals.  Berrospi claims that she is presently incarcerated in the Macomb County Jail, in Michigan, and she seeks a writ ordering that institution to "[bring her] before this Honorable Court within (10) working days to answer for the following charges:  Retail fraud 1st degree/W250363."  The application contains no other information with respect to her commitment in McComb County or her tie, if any, to the State of Ohio or Wood County.

Berrospi lists a personal address in Mt. Clemens, Michigan.  As set forth below, we dismiss the petition.

{¶ 2} The sua sponte dismissal of a complaint for an extraordinary writ is appropriate where it is frivolous or the claimant obviously cannot prevail on the facts alleged therein. *State ex rel. Allen v. Goulding*, 2019-Ohio-858, ¶ 6, citing *State ex rel. Brooks v. O'Malley*, 2008-Ohio-1118, ¶ 5.  Also, "a court may dismiss a habeas petition sua sponte if the petition does not contain a facially valid claim."  *Al'Shahid v. Cook*, 2015-Ohio-2079, ¶ 7, citing *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 270, 271 (1998).   Based upon the face of the Berrospi's petition, it is patently obvious that this court lacks jurisdiction over her case.

{¶ 3} Chapter 2725 of the Ohio Revised Code governs the issuance of writs of habeas corpus.  However, as a threshold matter, the petitioner seeking habeas relief must be "an inmate in an *Ohio* correctional institution."  (Emphasis added.)  *Mallory v. Foley*, 2023-Ohio-226, ¶ 8 (8th Dist.).  Berrospi asserts that she is currently incarcerated in McComb County, Michigan.  In any event, R.C. 2725.03 grants "jurisdiction to issue or determine a writ of habeas corpus" to "the courts or judges of the county in which the [correctional] institution is located" and the inmate is housed.  Indeed, the statute explicitly provides that "[a]ny writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void."  *Id.*  Because Berrospi's petition alleges that she is incarcerated outside the territorial jurisdiction of this court, and indeed outside of this

2.

State, we have no authority to grant her the relief she seeks. "[J]udicial writs can run only within the territorial limits of the sovereignty whose writ it is. Any attempt to project its authority beyond its own territorial limits would be an invasion of the sovereignty of another state or nation." *Smith v. Smith*, 72 Ohio App. 203, 207 (1st Dist. 1943). Dismissal of the petition is therefore appropriate. *Mallory.*

{¶ 4} The petition for writ of habeas corpus is sua sponte dismissed. Costs assessed against Berrospi. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Petition dismissed.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

3.