[Cite as *Patton v. Moore*, 2025-Ohio-2435.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| RONALD PATTON, | : | |
| | : | Case No. 24CA4 & 24CA5 |
| Petitioner-Appellant, | : | |
| | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| ROCHELLE MOORE, Warden, | : | |
| | : | |
| Respondent-Appellee. | : | **RELEASED: 07/01/2025** |
| | : | |

<u>APPEARANCES:</u>

Ronald Patton, Pickaway Correctional Institute, Orient, Ohio, appellant, pro se.

Katherine E. Mullin, Senior Assistant Attorney General, Columbus, Ohio, for appellee.

Wilkin, J.

{¶1} Appellant, Ronald Patton ("Patton"), appeals two judgment entries from the Pickaway County Court of Common Pleas that dismissed his two petitions seeking writs of habeas corpus. We sua sponte consolidated the cases for this appeal.

{¶2} Patton asserts a single assignment of error claiming that he was deprived of procedural due process because the trial court granted respondent, Rochelle Moore's, motion to dismiss/motion for summary judgment before he could respond. Because Patton's petitions are facially invalid, the trial court's judgments did not violate his due process rights by dismissing the petitions before Patton could file a response.

{¶3} Therefore, we overrule Patton's assignment of error and affirm the trial court's judgments of dismissal.

BACKGROUND

{¶4} The source of Patton's history of incarceration was provided by the Ohio Department of Rehabilitation and Correction and the Bureau of Sentence Computation, and largely coincides with Patton's recounting of his incarceration. In 1982 Patton was convicted of aggravated robbery in Montgomery County and sentenced to 4 to 25 years in prison and he was incarcerated on January 20, 1982.

{¶5} Patton was granted parole on May 16, 1986. However, he was returned to prison on December 5, 1986, following a conviction in Richland County for escape and aggravated robbery. Patton was sentenced to six months in prison with 101 days of jail time credit. Patton's sentence was ordered to run consecutively to his sentence in the aggravated robbery case from Montgomery County.

{¶6} On February 21, 1989 Patton was paroled again. However, he was declared a parole violator at large on June 1, 1989. Patton was sentenced to 6 months in prison and 8 days of lost time, and returned to prison on January 16, 1990.

{¶7} On October 4, 1994 Patton was paroled yet again and on December 20, 1995, he was declared a parole violator at large and given nine days of lost time. Patton was returned to prison on January 30, 1996.

{¶8} After returning to prison, Patton was charged with and convicted of attempted murder in Stark County.  The court sentenced Patton to 10 to 25 years, to be served consecutively to his sentence in the Montgomery County aggravated assault case.

{¶9} Patton is currently incarcerated in the Pickaway Correctional Institution for attempted murder and aggravated robbery convictions.  According to the Department of Rehabilitation and Corrections as of January 2024, Patton is serving a 14 to 50-year sentence with his next parole hearing scheduled for March 1, 2027 and his "Max date" is June 16, 2032.

{¶10} On January 2, 2024, Patton filed a petition for a writ of habeas corpus in Pickaway County Court of Common Pleas in Case No. 2024CI002 against the respondent.  Patton claimed that he was entitled to be released because he had served more than his maximum 25-year prison sentence imposed on April 4, 1997 for his attempted murder conviction.

{¶11} On January 11, 2024, Patton filed a second petition for a writ of habeas corpus in Pickaway County Common Pleas Court Case No. 2024CI10 against the respondent, wherein he raised identical arguments to those he raised in Case No. 2024CI002.

{¶12} Respondent filed a motion to dismiss/motion for summary judgment in both cases.  Prior to Patton filing a responsive pleading in either case, the court dismissed both petitions in separate judgment entries.

**{¶13}** Patton appealed both judgments of dismissal to this court. We sua sponte ordered the cases to be consolidated for the appeal. It is these judgments that Patton appeals.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN GRANTING RESPONDENT-APPELLEE'S MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT IN PETITIONER-APPELLANT'S COMPLAINT IN HABEAS CORPUS

**{¶14}** In his sole assignment of error, Patton claims that he was deprived of his right to due process when the trial court dismissed his petitions before he could respond to the respondent's motion for summary judgment/dismissal. Patton claims procedural due process requires that a non-moving party subject to a motion for summary judgment have an opportunity to respond before the motion is adjudicated.

**{¶15}** Patton maintains that because the trial court considered material outside the pleading this case should have been converted to a summary judgment. He claims that procedural due process requires that a non-moving party have an opportunity to respond before the motion for summary judgment is decided. He asserts that the trial court dismissed both of his petitions well before the time his responsive pleading was due.

**{¶16}** Because Patton did not receive notice of the trial court's decision to dismiss or to respond to the respondent's motion to dismiss/motion for summary judgment, this court should reverse the dismissal entries and permit him time to respond.

{¶17} In response, the respondent argues that the petitions were dismissed because Patton failed to comply with statutory requirements for habeas petitions.  It is well established that a court can dismiss a petition for a writ of habeas corpus sua sponte if it does not contain a facially valid claim.

{¶18} The respondent claims that in Case No. 2024CI002, Patton failed to submit copies of his commitment papers or an affidavit seeking waiver of filing fees.  Both render his claim facially invalid and permit sua sponte dismissal of the petition.

{¶19} The respondent further claims that in Case No. 2024CI10, Patton failed to verify his petition and to submit his commitment papers.  Again, both failures permit sua sponte dismissal of the petition.

{¶20} Because Patton's errors caused his claim to be facially invalid, the court was permitted to sua sponte dismiss both petitions.  Therefore, "it stands to reason that the court did not deprive Patton of his due process rights when it granted Respondent's motion to dismiss."  Accordingly, the respondent argues that Patton's assignment of error should be overruled.

A. Law

Standard of Review

{¶21} "A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted 'if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus.' " *Handcock*

*v. Shoop*, 2019-Ohio-718, ¶ 5, citing *Keith v. Bobby*, 2008-Ohio-1443, ¶ 10.

{¶22} Our review of the dismissal of a petition for a writ of habeas corpus is de novo. *State ex rel. Steele v. Foley*, 2021-Ohio-2073, ¶ 19, citing *State ex rel. Hunley v. Wainwright*, 2021-Ohio-803, ¶ 19. "In other words, an appellate court affords no deference to a trial court's decision and, instead, applies its own, independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied." *Hammond v. Perry*, 2013-Ohio-3683, ¶ 11 (4th Dist.).

Habeas Corpus

{¶23} R.C. Chapter 2725 addresses habeas corpus relief. R.C. 2725.01 provides that a writ of habeas corpus is available to persons who are "unlawfully restrained of [their] liberty[.]" "Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction." (Citations omitted) *State ex rel. Missimer v. Forshey*, 2023-Ohio-2355, ¶ 5.

{¶24} R.C. 2725.04 sets out the requirements when applying for a writ of habeas corpus, including that the "[a]pplication . . . shall be by petition, signed and *verified . . .* by the party for whose relief it is intended[.]" (Emphasis added.) "To be properly verified, a declaration must be sworn in the presence of an authorized officer, such as a notary public." *State ex rel. Foster v. Foley*, 2022-Ohio-3168, ¶ 12, citing *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001). An unverified petition is subject to dismissal. *Id.*

**{¶25}** R.C. 2725.04(D) requires that "a petitioner must attach all pertinent papers regarding his commitment, including sentencing entries and *parole-revocation decisions*." (Emphasis added.) *State ex rel. Davis v. Sheldon,* 2022-Ohio-2789, ¶ 7, citing *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 6. "A petition that fails to comply with this requirement is defective and must be dismissed." *Id.*, citing *Farley v. Wainwright*, 2021-Ohio-670, ¶ 6. Failing to attach the commitment papers to the petition cannot be cured by filing them at some later point in the habeas proceedings. *Boyd v. Money*, 82 Ohio St.3d 388, 389 (1998).

**{¶26}** R.C. Chapter 2725 "prescribes a basic, summary procedure for instituting habeas corpus actions, [it] does not require service of the petition before dismissal if the petition does not contain a facially valid claim." *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 1998-Ohio-239, 82 Ohio St. 3d 270, 271 (1998), citing *State ex rel. Carrion v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 637, 638 (1998). *See also Hazel v. Knab*, 2011-Ohio-4608, ¶ 3. Therefore, "[i]f a petition is not facially valid making *sua sponte* dismissal appropriate, there is "no prejudice in not considering [a petitioner's] response to the motion to dismiss." *Id.*

**{¶27}** Finally, although not specific to habeas corpus actions, R.C. 2969.25 imposes certain requirements on inmates filing an action or an appeal against a government entity. Applicable in the instant case, "R.C. 2969.25(C) provides that *if* an inmate who is filing a civil action against a governmental employee seeks a waiver of the filing fee, then the inmate must file an affidavit

stating that he or she is seeking a waiver of the fee and an affidavit of indigency. The affidavits must contain a statement of the balance in the inmate's account." (Emphasis original) *Dunkle v. Hill*, 2021-Ohio-3835, ¶ 581. "Failure to comply with R.C. 2969.25 is a ground for dismissal." *Id.*, citing *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422 (1998).

Analysis

{¶28} Initially, we address our standard of review. We understand that the respondent filed a motion to dismiss/motion for summary judgment. However, the trial court did not grant or deny summary judgment to respondent. Rather, it dismissed the petitions. Therefore, we find that the trial court acted under Civ.R. 12(B)(6), not Civ.R. 56, in dismissing the petitions. Review of a decision granting or denying a dismissal under Civ.R. 12(B)(6) is de novo.

{¶29} We begin our analysis by examining Patton's petitions and the attachments thereto because materials incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995).

{¶30} In both cases (2024CI002 and 2024CI10), Patton submitted some, but not all of his commitment papers. Specifically, he failed to attach documents pertaining to any of his parole revocations. Failing to submit all his commitment papers renders his petition facially invalid and warrants dismissal of the petition.

{¶31} Patton also failed to file the affidavits in both cases seeking waiver of the filing fees and asserting indigency.[1] That failure also renders his petition facially invalid and merits dismissal of both cases.

{¶32} Finally, in Case No. 2024CI10, Patton failed to verify his petition, which renders it invalid and merits its dismissal.

{¶33} These failures caused Patton's petitions for habeas corpus to be facially invalid. Because Patton's petitions were facially invalid, the trial court's decision to dismiss them before he could respond did not violate his procedural due process. Accordingly, we overrule Patton's assignment of error and affirm the trial court's judgment entries of dismissal in both cases.

CONCLUSION

{¶34} Having overruled Patton's single assignment, we affirm the trial court's judgment entries of dismissal.

**JUDGMENTS AFFIRMED.**

---

[1] In his petitions, Patton asserts that he attempted to pay the filing fees. The record shows that some of the fees in Case No. 2024CI10 were paid, but there is a balance of $46. In case 2024CI02 the record shows that none of the filing fees have been paid.

## JUDGMENT ENTRY

It is ordered that the JUDGMENTS ARE AFFIRMED and the appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**