[Cite as *State v. Thomson*, 2026-Ohio-902.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO SUMMIT COMMON PLEAS

    Respondent

    v.

JASEN THOMSON

    Petitioner

C.A. No. 31858

ORIGINAL ACTION IN HABEAS CORPUS

Dated: March 18, 2026

PER CURIAM.

{¶1}  Petitioner, Jasen Thomson, has filed a document captioned "Petition Habaus (sic.) Corpus Expidited (sic.) Election Case."  The petition alleges that Mr. Thomson is being held unlawfully by the Summit County Sheriff's Department.  Because Mr. Thomson failed to comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this case.

{¶2}  R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee.  The Summit County Sheriff's Department is a government entity, and Mr. Thomson, incarcerated in the Summit County Jail, is an inmate. R.C. 2969.21(C) and (D).  A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action.  *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6.

**{¶3}** Mr. Thomson was required to file filed an affidavit of prior civil actions at the commencement of this action. R.C. 2969.25(A). Mr. Thomson, however, only filed the petition. Because he failed to file an affidavit of prior civil actions, this case must be dismissed. "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action." *State ex rel. Woods v. Jenkins*, 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 2016-Ohio-1518, ¶ 3.

**{¶4}** Mr. Thomson was also required to pay the cost deposit, as required by this Court's Local Rules, or comply with R.C. 2969.25(C). Mr. Thomson did not pay the cost deposit when he filed the petition. He did move to waive prepayment of the cost deposit. That motion, however, failed to comply with the requirement that Mr. Thomson file a statement of his prisoner trust account showing the balance for each of the six months preceding the filing of his action.

**{¶5}** Mr. Thomson filed an affidavit of indigency stating that he is without the funds to pay the costs of the action. R.C. 2969.25(C) requires an inmate who seeks a waiver of the prepayment of the cost deposit, as Mr. Thomson did, to file specific, statutorily required, information. The Supreme Court has held that failure to pay the cost deposit or seek a waiver supported by the statutorily mandated documents requires dismissal of the case. *Dunkle v. Hill*, 2021-Ohio-3835, ¶ 7.

**{¶6}** Because Mr. Thomson failed to comply with the mandatory requirements of R.C. 2969.25(A) and (C), this case is dismissed. Costs taxed to Mr. Thomson.

{¶7} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

 

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JASEN E. THOMSON, Pro Se, Petitioner.